[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 123.5
This action arises out of a work-related injury which occurred on December 1, 1995, on the premises of Defendant Toll Gate Foods, Inc., which operates a restaurant under the name Howard Johnson's Restaurant, South Main Street, Waterbury, Connecticut. At that time, Plaintiff Roselynn Conforti was in the course of her employment as a hostess at the restaurant. While guiding customers to a seat, she tripped and fell over an open. briefcase that was placed on the floor next to a table where Defendant Donald Christie, as owner and operator of the restaurant, was conducting a business meeting. She alleges injuries to her left knee as well as contusions and bruises .Her injuries admittedly arose out of and in the course of her employment pursuant to the terms of the Connecticut Workers' Compensation Act.
Defendants Christie and Toll Gate Foods, Inc., now move to strike Counts 1 through 18 of Plaintiff's Revised Complaint on the grounds that workers' compensation is Plaintiff's exclusive remedy for damages sustained in this accident and accordingly, Plaintiff has failed to state a cause of action against these Defendants.
Plaintiff has alleged that the conduct of Defendant Christie was intentional, creating an exception to the exclusive remedy provision of the Connecticut Workers' Compensation Act, General Statutes § 31-284. The substantive underlying facts are not in dispute. Defendant Christie did put his open briefcase in the traveled portion of the aisle at the restaurant, Plaintiff did not see it when she escorted patrons to their table, with the result that she tripped on the briefcase, fell and was injured.
In considering a motion to strike, the Court must construe all of the alleged facts in favor of the plaintiff. NovametrixMedical Sysyems, Inc. V. BOC Group, Inc., 224 Conn. 210, 214,618 A.2d 25 (1992). The Court accepts that Defendant Christie's conduct was intentional, in that he did intend to place his briefcase in an open position in the aisle next to the table he was occupying. For purposes of deciding this Motion, the Court will consider this conduct reckless, because Defendant Christie knew or should have known that such an obstruction would cause someone to fall, as did occur in this case. But as will be discussed below, the conduct that will override the exclusive remedy of the Workers Compensation Act in work-related accident cases is only that which is "intentional, "or so beyond reckless CT Page 9643 that it will with "substantial certainty" result in serious injury. The Court does not believe that Defendant Christie's conduct reached that level, under any construction of the circumstances alleged in the Revised Complaint.
At the outset, it is helpful to review the history of workers' compensation law leading to the Connecticut judicially created "intentional act" exception, in order to highlight how very narrow the exception really is. In this regard, the court's comments in Shearer v. Homestake Mining Co., 557 F. Sup. 549 (D. S. Dakota 1983) are instructive. Shearer was the case of two miners who died when struck by a large slab of rock which broke through the ceiling of a mine and killed these two men. The claim was that the defendant employer engaged in unsafe mining procedures and intentionally directed employees to violate federal mining safety regulations. The South Dakota workers' compensation statute expressly provided an exception to its own exclusive remedy, for work-related accidents arising from intentional tort. Id. at 552, quoting SDCL 62-3-2 (1979). The court in addressing the "intentional tort " exception said:
 If the "intentional tort" exception was expanded as plaintiff requests, the focus would be upon the degree of risk of injury and the state of knowledge of the employer and the employee regarding the dangerous conduct or condition which caused the injury. This result undermines the balance of interests maintained by the workers's compensation system. First, it would thwart the goal of the system to provide employers relative immunity from liability at law. Second, it would deny many employees the swift and certain compensation they now receive under the system. The system originally required employees to surrender their right to a potentially larger recovery in a common law action for the wilful or reckless misconduct of employers, in return for expeditious recovery under worker's compensation. Employees disappointed with workers' compensation recovery would be encouraged to seek additional compensation in a common law action, increasing the role of the courts in resolving industrial accident disputes. [F]or these reasons, this court holds that to recover for an intentional tort under SDCL 62-3-2, a plaintiff must allege and prove that the employer intended to injure the employee. The burden is met by allegations and proof that the employer desired to cause the consequence of his act, or believed the consequences were substantially certain to result from it.
CT Page 9644
Id. at 555.
While the Connecticut statute does not include a statutory exception to its workers' compensation exclusive remedy provision, the Connecticut Supreme Court did carve out such an exception in Jett v. Dunlap, 179 Conn. 215, 425 A.2d 1263
(1979). The more recent case of Suarez v. Dickmont Plastics,229 Conn. 99, 639 A.2d 507 (1994) emphasized that this one narrowexception exists only when the employer has committed an intentional tort or has engaged in wilful or serious misconduct. Id. at 106. It is not enough that the employer realize there is a strong probability harm may result. The conduct must be beyond negligence and greater than reckless or wanton; it must be an intentional act such that harm is not only foreseeable but a substantial certainty. Mingachos v. CBS, Inc., 196 Conn. 91, 103,491 A.2d 991 (1985). "To bypass the exclusivity of the Act, the intentional or deliberate act or conduct alleged must have been designed to cause the injury that resulted." Id. at 102.
In the instant action, Plaintiff urges the Court to review the Connecticut Supreme Court decisions in Suarez v. DickmontPlastics, 229 Conn. 99, 639 A.2d 507 (1994) and Suarez v.Dickmont Plastics, 242 Conn. 255, 698 A.2d 838 (1997), otherwise referred to as Suarez I and Suarez II, respectively. The Court already has referred to Suarez I and does not agree with Plaintiff that Suarez II supports her position. Rather, inSuarez II our Supreme Court concluded that an employer's insistence on plaintiff taking unreasonable risks to perform his job so as to save the company money does not support the inference that the employer intended the resulting accident. "Substantial certainty centers on whether the employer believed
the injury was substantially certain to follow the employer's acts or conduct, but when substantial certainty is no longer in the case, [t]o bypass the exclusivity of the act, the intentional or deliberate act or conduct alleged must have beendesigned to cause the injury that resulted." Suarez, 242 Conn. 280-81, quoting Mingachos v. CBS, Inc., 196 Conn. 102.
For Plaintiff to succeed in this case, the finder of fact after Suarez II would have to conclude that Defendant Christie placed his briefcase on the floor as a "trap" knowing with "substantial certainty" that Plaintiff would walk by without seeing it, trip and fall and sustain injury. Such serious and wilful misconduct is not alleged in the Revised Complaint and CT Page 9645 otherwise cannot be construed from the facts that are alleged. The Court therefore finds that Plaintiff's action is barred by the exclusive remedy provision of our Workers' Compensation Act, General Statutes § 31 284.
Defendants' Motion to Strike is granted.
PELLEGRINO, J.